Dear Mr. White:
This opinion is issued in response to your request in which you ask the following questions:
 1. Is a member of a local school board prevented from being accepted as a surety on a bail bond by reason of membership?
 2. Is the School Board of the Rolla Public School System's School District a political subdivision within the meaning of Missouri Supreme Court Rule 32.14(4)?
Under Supreme Court Rule 33.17, previously Rule 32.14(4), no person is to be accepted as a surety on any bail bond taken under the Supreme Court Rules if he is an elected or appointed official or employee of the State of Missouri or of any county or of any other political subdivision thereof. The terms of Rule 33.17 are clear and unequivocal. If a person is an official or employee of a political subdivision, he cannot be accepted as surety on a bail bond. The rule provides no exceptions or limitations on the meaning of the term "political subdivision." Thus, it is evident that, in the event a school district is defined as a political subdivision, then no official or employee of the school district can serve as a surety on a bail bond.
The term "political subdivision" is repeatedly defined by Missouri Statutes in various chapters. A few definitions specifically exclude school districts from the meaning of the term "political subdivision." Section 70.600(19), RSMo 1978, defines, for the purpose of § 70.600 to 70.760, a political subdivision as:
 ". . . any governmental subdivision of this state created pursuant to the laws of this state, and having the power to tax, except public school districts:"
The Community Affairs Act defines "political subdivision" as:
 ". . . counties, townships, cities, towns, villages, whether not incorporated, special districts, excluding school districts, housing authorities, land clearance for redevelopment authorities, municipal, county, regional or other planning commissions and any other local public body created by the general assembly or exercising governmental functions." § 251.020(6) RSMo 1978.
The Missouri Constitution specifically includes school districts in its definition of "other political subdivisions" for taxing purposes:
 "The term "other political subdivisions," as used in this article, shall be construed to include townships, cities, towns, villages, school, road, drainage, sewer and levee districts and any other public subdivision, public corporation or public quasi-corporation having the power to tax." Art. X, § 15, Mo. Constitution.
In a similar vein, the Missouri Supreme Court has held that, for purposes of entering into a concession agreement with the Kansas City Park Board, the Kansas City School District is "a political subdivision devoted to public education and is not a person, firm, or corporation . . . ." School District of KansasCity v. Kansas City, 382 S.W.2d 688, 697 (Mo. banc 1964).
Consequently, it is our view that, for the purposes of applying Supreme Court Rule 33.17, a school district is a political subdivision, and the rule is applicable to appointed or elected officials of the school district, including members of the school board. Therefore, the answer to both of the questions you have posed is in the affirmative. The Rolla Public School System's School District is a political subdivision, and a member of the school board cannot be accepted as a surety on a bail bond.
CONCLUSION
Therefore, it is the opinion of this office that a school district is a political subdivision within the meaning of Missouri Supreme Court Rule 33.17 and, under the provisions of such rule, a local school board member cannot be accepted as a surety on a bail bond.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Jerry Short.
Very truly yours,
 JOHN ASHCROFT Attorney General